IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM C. NEAL, | : | |
| Appellant, | : | 4:08-cv-1462 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| BARBARA M. ECKERSLEY, | : | |
| Appellee. | | |

## MEMORANDUM

### October 5, 2009

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court is Appellant William C. Neal's ("Appellant" or "Neal") Appeal from a June 26, 2008 Order of the United States Bankruptcy Court of the Middle District of Pennsylvania filed on August 6, 2008. (Doc. 1). For the reasons that follow, the Appeal shall be denied.

**I.    STANDARD OF REVIEW**

Jurisdiction over the instant bankruptcy appeal is premised upon 28 U.S.C. § 158(a)(1). "[F]indings of fact made by the bankruptcy court may be reversed only for clear error." *In re NelsonCo.*, 959 F.2d 1260, 1263 (3d Cir. 1992) (citations omitted). However, legal questions and conclusions are subject to plenary, *de novo* review. *Id.* See also *In re O'Brien Envtl. Energy Inc.*, 188 F.3d

116, 122 (3d Cir. 1999).

## II. PROCEDURAL HISTORY

Appellant filed a Chapter 13 Voluntary Petition in Bankruptcy with the United States Bankruptcy Court for the Middle District of Pennsylvania on April 30, 2007. On July 2, 2007, Appellant filed his Schedules to his Bankruptcy Petition containing as Schedule G a notation that the "Debtor has no executory contracts or unexpired leases." At the same time, Appellant filed a Chapter 13 Plan, which provided as Paragraph 6 the following: "All executory contracts and unexpired leases are rejected, except the following are assumed: ." Notably, <u>nothing</u> was listed as "assumed" under Paragraph 6.

On September 13, 2007, Appellant filed a First Amended Chapter 13 Plan which provided in Paragraph 6 as follows: "All executory contracts and unexpired leases are rejected, except the following are assumed: None." Thereafter, on September 24, 2007, Appellant filed with the Court a Second Amended Chapter 13 Plan which provided in Paragraph 6 as follows: "All executory contracts and unexpired leases are rejected, except the following are assumed: None." The Second Amended Plan was confirmed by the Bankruptcy Court on November 8, 2007.

On May 28, 2008, Appellee Barbara M. Eckersley ("Appellee" or

"Eckersley") filed a Motion to have the Option to Buy Real Property Agreement between Appellee and Appellant declared an executory contract. On June 19, 2008, Appellant responded to Appellee's motion. Shortly thereafter, Appellant filed an Amendment to Schedule A -Real Property, which listed the contract between Appellee and Appellant.

Following a hearing, United States Bankruptcy Judge Robert N. Opel, II, held that the contract between Appellee and Appellant was an executory contract which was rejected under Appellant's Second Amended Plan confirmed by the Bankruptcy Court on November 8, 2007. It is from this June 26, 2008 order by Judge Opel that Appellant appeals.

## III. FACTS

Appellee owns property located at 1153 East Forrest Avenue, Hopewell Township, York County, Pennsylvania ("the Property"). On or about April 6, 2007, Appellant executed an "Option to Buy Real Property Agreement" ("the Contract") for the Property owned by Eckersley. Pursuant to the contract, Appellant had a 180 day option from the date of the Agreement's execution within which to purchase the Property for the established price of $120,000.00. On April 30, 2007, Appellant filed a Voluntary Petition in Bankruptcy under Chapter 13. Appellant filed his Chapter 13 Plan and Schedules on July 2, 2007. On July 24,

2007, the Contract was recorded in the Office of the Recorder of Deeds in and for York County, Pennsylvania, in Record Book 1909, at Page 4979.

As discussed above, Appellant filed a First Amended Plan on September 13, 2007 and a Second Amended Plan on September 24, 2007, with the Second Amended Plan being confirmed by Court Order dated November 8, 2007. The Contract was not listed as an asset or liability on any of Appellant's Schedules, including Schedule A, which Appellant later amended to include the Contract, nearly two years after the confirmation of the Second Amended Plan.

Appellee is not listed as a creditor in Appellant's Chapter 13 Bankruptcy Petition, nor is the Contract or the Property referenced in any aspect of the Petition, its Schedules, or Plan. Furthermore, Appellee did not receive notice of Appellant's bankruptcy filing.

In November, 2007, Eckersley filed a civil complaint in the Court of Common Pleas of York County, Pennsylvania, requesting damages for breach of contract by Appellant and an order directing the cancellation of the Contract which had been recorded in York County. Subsequently, in May 2008, Eckersley filed her Motion to have the Contract declared as executory and rejected, which was subsequently granted by the Bankruptcy Court.

## IV. DISCUSSION

The first issue on this appeal is whether the Bankruptcy Court correctly held that the Contract was executory under § 365 of the Bankruptcy Code. It is well-established in the bankruptcy jurisprudence that for a contract to be deemed executory, the obligation of both parties to the contract must be "so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *In re Exide Technologies*, 340 B.R. 222 (Bankr. D. Del. 2006); *see also Cincicola v. Scharffenberger*, 248 F.3d 110 (3d Cir. 2001); *In re Metro Transp. Co.*, 87 B.R. 338 (Bankr. E.D. Pa. 1988). To illustrate, contracts under which the vendee still owes a material part of the purchase price and the vendor has not transferred title, and is not obligated to do so until that price is fully paid, are executory. *See In re Walnut Associates*, 145 B.R. 489 (Bankr. E.D. Pa. 1992).

We find that the Bankrupcy Court was correct in its holding that the Contract was executory and rejected in bankruptcy. The Contract gave Appellant 180 days from its execution to exercise his option to buy the Property for a sum certain. To exercise the option, Appellant was required to contact Appellee in writing and identify a proposed settlement date. Upon receipt of the notice and purchase price from Appellant, Appellee would grant possession of the Property to

Appellant. The record is clear that Appellant did not pay the purchase price and Appellee had not transferred title of the Property to the Appellant, therefore the Contract was correctly deemed executory.

Having settled that issue, we turn must decide whether the executory Contract had been rejected by Appellant. Pursuant to § 365 of the Bankruptcy Code, a trustee in bankruptcy may, subject to court approval, "assume or reject any executory contract." 11 U.S.C. § 365(a). With limited exceptions, the rejection of an executory contract of the debtor constitutes a breach of the contract if it has not been assumed under § 365 or under a plan confirmed under Chapter 13 immediately before the date of the filing of the petition. 11 U.S.C. § 365(g). The failure of a debtor to explicitly assume an executory contract is sufficient to reject that executory contract. *See In re Victory Markets, Inc.*, 221 B.R. 298 (2d Cir. 1998). Further, plans that contain provisions explicitly rejecting all executory contracts not otherwise listed on an attached assumption schedule rejects those executory contracts. *See In Re Amerivision Communications, Inc.* 349 B.R. 718, 723 (10th Cir. 2006).

The Bankruptcy Code does not expressly provide a standard to determine the propriety of a debtor's decision to assume or reject an executory contract. The "business judgment test' has been applied by most courts. The "business

judgment test" requires a showing that the rejection would benefit the estate. *In re Patterson*, 119 B.R. 59 (E.D.Pa. 1990)(citing *In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982)). Considering that the Contract required Appellant to expend $120,000.00 on the Property and that Appellant filed his bankruptcy petition twenty four (24) days after he executed the Contract, an application of the business judgment test to these facts would likely result in a finding that the rejection of the Contract benefitted the estate.

To be sure, Appellant's Petition was filed before the expiration of the Contract and fails to mention the Contract. In the Schedules and Plan filed in July 2007, the Contract is not listed in any respect. Further, the Second Amended Plan which was filed and subsequently confirmed in November 2007 specifically rejects all executory contracts. Since we have held that the Contract is executory and because Appellant both failed to assume the Contract prior to the Bankruptcy Court's confirmation of his Chapter 13 Plan and rejected all executory contracts in his Schedules and Chapter 13 Plan, we find that the Bankruptcy Court correctly decided that the Contract was a rejected executory contract. The June 26 Order of the Bankruptcy Court shall be affirmed. An appropriate Order shall be entered.